■ In the Matter of JA-NATHAN F. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TANGRY F., Appellant. [752 NYS2d 573] —Appeal from an order of Family Court, Erie County (Rosa, J.), entered October 27, 2000, which adjudicated respondent's child to be permanently neglected, transferred respondent's guardianship and custody rights to petitioner and authorized petitioner to consent to the adoption of the child.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order adjudicating her child to be permanently neglected, transferring her guardianship and custody rights to petitioner and authorizing

petitioner to consent to the adoption of the child. Contrary to respondent's contention, petitioner met its burden of proving by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7] [a]). "Those efforts included formulating a specific plan with respondent for the return of the child[ ] to her, setting up a visitation schedule, assisting respondent with housing and transportation needs and referring her to counseling on domestic violence issues, her cocaine and alcohol addiction and parenting skills" (*Matter of Akeysha N.,* 213 AD2d 1077, 1077-1078). Contrary to respondent's further contention, petitioner also met its burden of proving by clear and convincing evidence that respondent failed substantially and continuously to plan for the future of the child (*see* § 384-b [7] [a]). Although respondent took advantage of the services offered by petitioner, the problems that led to the removal of the child persisted (*see Matter of Charlene Lashay J.,* 280 AD2d 320). Because respondent made only minimal and superficial progress in addressing the problems that prevented the child's safe return, Family Court properly determined that she was unable to develop an adequate plan for the child's return (*see Matter of Katara F.,* 231 AD2d 844, 845, *lv denied* 89 NY2d 805). Finally, the court properly concluded that a suspended judgment would not be in the child's best interests (*see Matter of Sonny H.B.,* 249 AD2d 940). Present—Pigott, Jr., P.J., Green, Pine, Hayes and Gorski, JJ.